IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL ACTION FILE |
| v.  : | NO. 1:21-CR-00437 |
| : | |
| JASON LARY, : | |
|    Defendant. : | |
| _____: | |

## SENTENCING MEMORANDUM

The Defendant in the above styled case, Mr. Jason Lary, through Counsel, files his sentencing memorandum in support of a sentence outside the advisory and non-mandatory guidelines and requests a sentence of no custodial confinement but with house arrest, community service and any statutory required supervision.

**(I)** **Background and Issue Setting**

The Defendant's Presentence Investigation Report has adequately set forth the Defendant's background for purposes of this sentencing memorandum, however, undersigned Counsel emphasizes that Mr. Lary is <u>60</u> years old with no prior felony arrest or felony convictions and simply <u>no</u> criminal history of any kind at any time. Mr. Lary has serious health challenges and at age 60 the Defendant finds himself facing a legacy of criminal history that is and was "money motivated", and not violence or physical harm to others, nor drug related. The question of compassion to this Honorable Court is what is the appropriate sentence for the conduct of <u>this</u>

Defendant who, when confronted, "fessed up" and avoided costly indictment and made good faith efforts to cooperate with the Government in debriefing over (2) days, in addition to being financially[1] deposed under oath over four hours, (and voluntarily providing the Government with a massive amounts of documents).

**(II)** **Standard for Review**

**18 U.S.C. § 3553 (a) provides:**

*(a) Factors to be considered in imposing a sentence. --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--*

*(1) the nature and circumstances of the offense and the history and characteristics of the defendant;*

*(2) the need for the sentence imposed--*

*(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*

*(B) to afford adequate deterrence to criminal conduct;*

*(C) to protect the public from further crimes of the defendant; and*

*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*

---

[1] Mr. Lary has paid a significant sum towards undetermined restitution.

*(3) the kinds of sentences available;*

*(4) the kinds of sentence and the sentencing range established for--*

*(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--*

*(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and*

*(7) the need to provide restitution to any victims of the offense.*

<u>*18 U.S.C. § 3553 (b) provides, in pertinent part as follows:*</u>

*(b) **Application of guidelines in imposing a sentence.***

*(1) **In general.** -Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a*

*petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.*

**(III) Reasons to Sentence Mr. Lary below the Advisory Guidelines**

    **(A) <u>The Age of Mr. Lary</u>:**

Mr. Lary is 60 years old with no prior criminal history and serious medical issues that can not be adequately addressed by BOP medical staff[2]. In *United States v. Gray, 453 F.3d 1343 (11th Cir. 2006)* the Court affirmed a district Court departure from a guideline range of 151-188 months to 72 months (50% departure) based on that Defendant's age (64) and his medical condition as valid considerations under 18 U.S.C. 3553 (a) (1).

    **(B) <u>Mr. Lary's Extensive Community Service</u>:**

Mr. Lary, as will be shown by testimony and letters at the sentencing hearing, but for this offense, has had an exemplary history of community service that included the building of an amphitheater in Lithonia, Georgia to present Jazz/Blues concerts and host family gatherings that helped financially stabilize the City of Lithonia. Through years of hard work at the grass roots level and the legislative level he created the City of Stonecrest as the largest city in DeKalb County, Georgia. In ordering a sentence

---

[2] The Defendant will request, if sentenced to custody, a recommendation of a BOP medical facility (See Exhibit 5).

reduction from 33 months to 18 months for Dan Paradies', in *United States v. Paradies*, 14 F. Supp. 2d 1315 (N.D. Ga. 1998), that Court took into consideration Paradies' age, health and community service as "aggregate circumstances" to justify, pre-Booker, an 18-month commuted sentence[3]. In addition, it has been documented by Courts that older Defendants, as Mr. Lary, are a lower risk of recidivism cf. United States v. *Marqueez*, *2007 WL 4275499 (10th Cir. 2007)*; United States v. Carter, 538 F.3d 784 (7th Cir. 2008) (affirming 24-month sentence for 61-year-old money laundering Defendant with 87- 108 month guideline range); *United States v. Lucania, 379 F. Supp. 2d 288, 297 (ED NY 2005);* See also Exhibits 1 and 2.

**(C) Mr. Lary has paid, pre-sentencing, a significant amount of the disputed restitution.**

As an effort to mitigate the harm done Mr. Lary has paid and/or will have paid prior to his sentencing over 40 plus thousand dollars towards the disputed restitution that the Government has not yet established as an accurate restitution amount. *cf United States v. Kim, 364 F.3d 1235, 1244-1245 (11th Cir. 2004)* (from 24 months custody to probation by paying off $280,000.00 restitution by liquidating 75% of their life savings).

**(D) Mr. Lary attempted to cooperate:**

---

[3] See paragraphs 106-119 of Mr. Lary's Presentence Investigation Report.

Mr. Lary debriefed on two separate occasions for several hours. Mr. Lary was deposed for several hours. Mr. Lary provided the Government with volumes of financial and other documents, even those requested post debriefing/deposition. The documents were organized and categorized and not a "document dump". Attempted cooperation is part of the "aggregate circumstances" this Court can consider *cf*. United States v. *Fernandez*, 443 F.3d 19 (2nd Cir 2006); United States v. Doe, 213 F. App'x 660 (10th Cir. 1997).

**(E) Social/Political Isolation:**

Mr. Lary has been humbled, humiliated, isolated and treated like a leper since the Stonecrest City Attorney's report was made public and followed with the instant charges. He acknowledges himself as the cause but simply wants the Court to know that he has made his life "a living hell of jail outside a jail."

## **Conclusion**

Counsel for Mr. Lary commissioned legal research on the available sentencing commission sentencing data for offenses/offense levels similar to Mr. Lary. Excluding the "aggregate factors" already aforementioned, Counsel has attached as Exhibits 3 and 4 a legal data report for the Court's consideration in sentencing Mr. Lary to a fair, compassionate, below guidelines and just sentence of house arrest/home confinement with supervised release.

**RESPECTFULLY SUBMITTED,** this 7th day of July, 2022.

| | |
|---|---|
| Dwight L. Thomas, P.C. | ***/s/Dwight L. Thomas*** |
| 2296 Henderson Mill Road, Ste. 304 | Dwight L. Thomas |
| Atlanta, GA 30345 | Attorney at Law |
| Phone: (404) 522-1400 | Georgia Bar No. 704825 |
| Email: dwightl654@gmail.com | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL ACTION FILE |
| v. | : NO. 1:21-CR-00437 |
| | : |
| JASON LARY, | : |
|     Defendant. | : |
| _____ | : |

## CERTIFICATE OF SERVICE

**COMES NOW**, the undersigned counsel and files his ***SENTENCING MEMORANDUM*** in the above-styled matter. I hereby certify that I have this day served a copy of the foregoing motion upon opposing counsel using the ECF system, which will send notification of such filing to the following:

> Honorable Trevor C. Wilmont
> U.S. Attorney Office-ATL
> Assistant United States Attorney
> 600 U.S. Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, GA 30303

RESPECTFULLY SUBMITTED**,** this 7th day of July, 2022.

                                                        *s/ Dwight L. Thomas*

Dwight L. Thomas, P.C.                  Dwight L. Thomas
2296 Henderson Mill Road, N.E. Suite 304      Attorney at Law
Atlanta, GA 30345                         Georgia Bar No.: 704825
Phone: (404) 522-1400
Email: dwightl654@gmail.com