IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:21-CR-437-TWT |
| JASON LARY, | |
| Defendant. | |

**ORDER**

This is a criminal action. It is before the Court on the on the Defendant's Motion to Reduce Sentence [Doc. 55]. In January 2022, Defendant Lary pleaded guilty to fraud offenses [Doc. 13].

His original guidelines were calculated as follows:

Base offense level: 7

Loss amount: +14

Mass marketing: +2

Sophisticated means: +2

Abuse of position of trust: +2

Role: +2

Acceptance: -3

Total offense level: 26

Criminal history score: 0

Criminal history category: I

Custody guideline range: 63 to 78 months

After the Court varied upon consideration of the 18 U.S.C. § 3553(a) factors, Defendant was sentenced to 57 months' imprisonment with supervised release to follow. He has now filed a counseled motion for sentence reduction under Amendment 821 to the United States Sentencing Guidelines.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added U.S.S.G. § 4A1.1(c), providing a 2-offense-level reduction for certain offenders who have zero criminal history points, but only if they qualify by establishing each of ten separate requirements. The new provision states:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

    (3) the defendant did not use violence or credible threats of violence in

connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

The Commission later made this change retroactive as of February 1, 2024. *See* § 1B1.10(e)(2).

Defendant presents the current motion pursuant to 18 U.S.C. § 3582(c)(2). That section provides that a court may, in its discretion, reduce the sentence of a defendant whose Sentencing Guidelines range has been lowered by a retroactively applicable Sentencing Guidelines amendment, where the reduction is consistent with the sentencing factors of § 3553(a) and any applicable policy statements:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, Defendant was a zero-point offender. But he received a two-level upward adjustment to his base offense level for his role as an organizer in the criminal activity. As a result, Defendant is excluded from relief pursuant to U.S.S.G. § 4C1.1(a)(10). He is not eligible for relief. Given that Defendant is ineligible for relief, the Court need not address whether the § 3553(a) factors would support a reduced sentence and will instead deny the motion without further analysis. The Defendant argues that "[f]or 4C1.1 to apply the Government would have to show that Defendant 'did not' receive an adjustment and also conjunctively was not engaged in a continuing criminal enterprise (which he of course was not)." Section 4C1.1(a)(10) is part of a negative list. The "and" is read conjunctively but leads to

4

exactly the opposite result that the Defendant urges. The Defendant's Motion to Reduce Sentence [Doc. 55] is therefore DENIED.

SO ORDERED, this 2nd day of December, 2024.

                                                                                           THOMAS W. THRASH, JR.
                                                                                           United States District Judge