IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL ACTION FILE |
| v. | : NO. 1:21-CR-00437 |
| | : |
| JASON LARY, | : |
|     Defendant. | : |
| _____ | : |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S REPLY REGARDING GOVERNMENT'S MOTION FOR DETENTION OF JASON LARY

1.

The Defendant, Jason Lary is appearing in this Court via a summons as provided in the Federal Rules for Post-Conviction Procedures, Fed. R. Crim. P. § 32.1(a)(2):

2.

Fed. R. Crim. P. § 32.1(a)(4) provides:

Appearance in the District with Jurisdiction. If the person …appears in the district that has jurisdiction to conduct a revocation hearing-either originally or by transfer of jurisdiction-the court must proceed under Rule 32.1(b)-(e).

3.

The Defendant, Jason Lary, has more than met the burden pursuant to Fed. R. Crim. P. § 32.1(a)(6) and the Government set forth no reason why placing the

1

Defendant in a halfway house pending evaluations by a Government expert and pending a final revocation hearing is not a practical alternative that preserves this Court's adjudicative options pursuant to Fed. R. Crim. P. § 32.1(c)(1) and 18 U.S.C. § 3583(e)(4).

"18 U.S.C. § 3583(e)(4): Modification of Conditions or Revocation.-The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-

(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration."

4.

The Government's fixation on incarceration of Defendants who allegedly makes a false statement is misplaced as to Defendant Jason Lary, especially since the false statement in this case was mitigated with a disqualification hearing that prevented Defendant Jason Lary from qualifying to vote/and or run for municipal office.

5.

Undersigned Counsel spoke with the Government's Attorney about a week ago and the Government at that time had not even determined what psychologist would be engaged to evaluate the Defendant on behalf of the Government[1].

6.

The Government's broad allegation that the Defendant poses a danger lacks any specificity.

7.

The Government referenced a medical opinion filed under seal as to the hearing of voices. Hearing voices, whether spiritually, politically or as a religious experience does not equate to danger as American politics has historically been rife with persons who claimed hearing "divine" and non-divine voices. Yet while the Government cherry picked a portion of the sealed medical opinion but it chose to ignore the medical expert's conclusions and recommendations contained on page 4 of that report and that recommendation was not imprisonment and prison detention.

8.

The Government makes light of the Defendant's post prostate cancer treatment and medically scheduled appointments well knowing that the Defendant cannot and will not get adequate medical treatment in a prison setting.

---

[1] The Government's position would allow the Defendant to simply languish in prison while the bureaucracy gets around to getting Mr. Lary evaluated.

3

9.

The fact that Jason Lary feels persecuted or subject to physical attacks by others does not make Jason Lary a danger to others as he did not express ideations of first-strike attacks on others.

10.

Defendant is now and has been since November of 2025 under extensive mental health treatments and if Defendant is allowed to remain at home under house arrest/electronic monitoring or a halfway house he can continue his course of treatment and be evaluated by the Government's expert.

11.

Lastly, Exhibits (1-6) filed under seal adequately explain Defendant's upcoming post-cancer recovery treatments and reasons why the Defendant should not be detained in prison.

12.

**WHEREFORE**, Defendant through Counsel, requests this Court to deny the Government's prison detention motion for the reasons set forth herein and in his initial response.

**RESPECTFULLY SUBMITTED,** this 17th day of February 2026.

D. Lowell Thomas, PC                                              **/s/Dwight L. Thomas**

| | |
|---|---|
| 2296 Henderson Mill Rd, Suite 304 | Dwight L. Thomas |
| Atlanta, GA 30345 | Attorney at Law |
| Phone: (404) 522-1400 | State Bar No: 704825 |
| Email: dwightl654@gmail.com | |

5

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :<br>:<br>: **CRIMINAL ACTION FILE** |
| v. | : NO. 1:21-CR-00437<br>: |
| **JASON LARY,**<br>    Defendant.<br>_____ | :<br>:<br>: |

## CERTIFICATE OF SERVICE

I have on this day served a copy of the foregoing **Defendant's Response to Government's February 2, 2026 Reply Regarding Motion for Detention,** using the ECF system, which will send notification of such filing to the following:

Honorable Garrett Bradford, Assistant United States Attorney
Northern District of Georgia
United States Attorney Office-ATL
75 Ted Turner Drive, S.W., Room 600
Atlanta, GA 30303

**RESPECTFULLY SUBMITTED,** this 17th day of February 2026.

D. Lowell Thomas, PC                                                **/s/Dwight L. Thomas**
2296 Henderson Mill Rd, Suite 304                      Dwight L. Thomas
Atlanta, GA 30345                                                       Attorney at Law
Phone: (404) 522-1400                                              State Bar No: 704825
Email: dwightl654@gmail.com

6