**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|                               |     |                         |
| ----------------------------- | --- | ----------------------- |
| **UNITED STATES OF AMERICA**  | :   |                         |
|                               | :   |                         |
|                               | :   | **CRIMINAL ACTION FILE**|
| **v.**                        | :   | **NO. 1:21-CR-00437**   |
|                               | :   |                         |
| **JASON LARY,**               | :   |                         |
|      **Defendant.**           | :   |                         |
| _____ | :   |                         |

## DEFENDANT'S MOTION TO DISMISS THE GOVERNMENT'S PETITION FOR SUPERVISED RELEASE REVOCATION AND/OR FOR RELEASE OF THE DEFENDANT FROM CUSTODY

**COMES NOW**, Defendant Jason Lary, through counsel, and pursuant to the Due Process Clause of the United States Constitution and the laws thereof and respectfully moves this Court to dismiss the pending Petition for Revocation of Supervised Release and release the Defendant from custody to wit:

1.

The Government seeks to revoke Defendant's supervised release status and imprison Defendant based upon allegations that Defendant made false statements in connection with an effort to vote in a state election and/or run for a municipal elected position. Under the particular circumstances of this

case, continued detention and pursuit of revocation are neither warranted nor consistent with due process.

2.

The 11th Circuit has recently issued an order that, in effect, diminishes the egregious severity of making false statements in the course of an official investigation.

3.

On or before March 16, 2026, Defendant was receiving regular in adequate medical and mental health care and treatment.

4.

On or around March 13, 2026, Defendant was remanded to the custody of the Attorney General for purposes of being evaluated for competency to participate in a revocation hearing  and competency at the relevant times of the acts forming the basis for the revocation (i.e. the alleged making a false statement to vote, etc. despite his felony status as a disqualified person). The guidelines recommend 4 to 10 months for said offense if proven.

5.

Since March 16, 2026, Defendant has not received adequate medical or mental health care upon information and belief; and especially for his cancer related issues.

6.

The March 13, 2026 order of this court remanding Defendant set forth a "suitable facility" being in Kentucky to conduct evaluations.

7.

Defendant surrendered to the federal facility in Lovejoy, Georgia on March 16, 2026. He did not arrive in Kentucky (the "suitable facility") until April 8, 2026.

8.

The Government's agents are seeking additional time, using April 8, 2026 as a statutory start date for conducting the evaluations.

9.

Defendant's counsel objects and states that the time has expired due to the excessive and unreasonable pre-transfer hospitalization time.

10.

Defendant seeks a compassionate due process release from custody, dismissal of the revocation petition, or such other relief as is fair and just for a citizen of the United States of America. *See United States v. Donnelly*, 41 F.4th 1102, 1105-07 (9th Cir. 2022) (recognizing due process constraints on prolonged pre-evaluation detention and requiring reasonable promptness and diligence in competency-related confinement); *United States v. McCarthy*,

703 F. Supp. 3d 1377, 1380 (M.D. Fla. 2023) (ordering relief where custodial delay and deficient medical/mental-health care during competency proceedings violated due process limits on detention and conditions).

**RESPECTFULLY SUBMITTED,** this 8th day of June, 2026.

D. Lowell Thomas, PC                         **/s/Dwight L. Thomas**
2296 Henderson Mill Rd, Suite 304      Dwight L. Thomas
Atlanta, GA 30345                             Attorney at Law
Phone: (404) 522-1400                     State Bar No: 704825
Email: **dwightl654@gmail.com**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| | **:** |
| | **: CRIMINAL ACTION FILE** |
| **v.** | **: NO. 1:21-CR-00437** |
| | **:** |
| **JASON LARY,** | **:** |
| **Defendant.** | **:** |
| _____ | **:** |

## CERTIFICATE OF SERVICE

I have on this day served a copy of the foregoing **Defendant's Motion to Dismiss the Government's Petition for Supervised Release Revocation and/or for Release of the Defendant from Custody,** using the ECF system, which will send notification of such filing to the following:

Honorable Garrett Bradford, Assistant United States Attorney
Northern District of Georgia
United States Attorney Office-ATL
75 Ted Turner Drive, S.W., Room 600
Atlanta, GA 30303

**RESPECTFULLY SUBMITTED,** this 8th day of June, 2026.


D. Lowell Thomas, PC                **/s/Dwight L. Thomas**
2296 Henderson Mill Rd, Suite 304    Dwight L. Thomas
Atlanta, GA 30345                    Attorney at Law
Phone: (404) 522-1400                State Bar No: 704825
Email: **dwightl654@gmail.com**